IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

THE BANK OF NEW YORK MELLON            *
TRUST COMPANY, N.A., AS TRUSTEE        *
FOR THE BENEFIT OF THE HOLDERS         *
OF FDIC 2011 R-1 CERTIFICATES,         *
                                       *
    Plaintiff,                         *
                                       *
        v.                             *          CV 616-165
                                       *
JOHN GUNDE SOCK a/k/a JOHN             *
TUNDE SOCK; ETTA WILICIA               *
BOSS-COLE; ANNA CLAXTON;               *
AMOS FINANCIAL, LLC; and               *
THE UNITED STATES,                     *
                                       *
    Defendants.                        *

**O R D E R**

Presently before the Court is Plaintiff's Motion for Consent Judgment as to Defendant United States and Default Judgment against Defendants Sock, Cole, Claxton, and Amos. (Doc. 30.)  Under Federal Rule of Civil Procedure 55, upon the clerk's entry of default, a plaintiff may obtain a default judgment against a party.  However, "a defendant's default does not in itself warrant the court in entering a default judgment." Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]  For a plaintiff to obtain such a

---

[1] See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (holding that Fifth Circuit decisions made on or before September 30, 1981, are binding precedent in the Eleventh Circuit).

judgment, "[t]here must be a sufficient basis in the pleadings." Id. By its default, a defendant is deemed to have admitted to the "plaintiff's well-pleaded allegations of fact" but not deemed to have admitted "to facts that are not well-pleaded or to . . . conclusions of law." Id. Ultimately, the Court must be satisfied that the plaintiff's well-pleaded facts provide for: (1) the Court's jurisdiction; (2) the defendant's liability; and (3) the plaintiff's damages. Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004).

Here, while the Court is generally satisfied as to its subject matter jurisdiction over Plaintiff's claims as well as its personal jurisdiction over Defendants, the Court harbors reservations regarding Plaintiff's standing, Defendants' liability, and Plaintiff's damages. More specifically, the Court is at present unconvinced that Plaintiff is the holder of the promissory notes and security instruments upon which its present claims are based. Further, Plaintiff has failed to put forth any evidence of the damages it is owed in relation to this action. Moreover, it is unclear from Plaintiff's motion what is to constitute the consent judgment to be entered in favor of and/or against Defendant United States, who has asserted a federal tax lien against Defendant Sock. As a result, the Court cannot rule on Plaintiff's motion until an evidentiary hearing

2

regarding these and other related issues is held. See FED. R. CIV. P. 55(b)(2). Additionally, Plaintiff seeks in its motion the appointment of a special master to conduct a judicial foreclosure sale of the real property that allegedly secures – at least in part – any recovery obtained by Plaintiff in this matter; to do so, however, will require, *inter alia*, notice and a hearing and a certification from the proposed special master regarding any potential grounds for disqualification. See FED. R. CIV. P. 53(b).

Accordingly, the Court reserves a final ruling on Plaintiff's motion (doc. 17) until completion of an evidentiary hearing in this matter. The Clerk has scheduled this evidentiary hearing for **MONDAY, NOVEMBER 27, 2017 at 10:00 am EST** at the United States District Court located at 52 North Main Street, Statesboro, Georgia 30458. At such hearing, Plaintiff should be prepared to submit evidence as to: (1) the financial transactions and other factual underpinnings of Plaintiff's claims, including without limitation proof of its status as holder of the promissory notes and security instruments that entitle it to relief; (2) Plaintiff's damages; (3) the terms of the consent judgment to be entered in favor of and/or against Defendant United States; and (4) all matters necessary for the appointment of a special master in this matter, as more fully set forth in Federal Rule of Civil Procedure 53.

3

**ORDER ENTERED** at Augusta, Georgia, this 3rd day of November, 2017.

/s/ J. Randal Hall
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA