# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

```
THE BANK OF NEW YORK MELLON        *
TRUST COMPANY, N.A., AS TRUSTEE    *
FOR THE BENEFIT OF THE HOLDERS     *
OF FDIC 2011 R-1 CERTIFICATES,     *
                                   *
        Plaintiff,                 *
                                   *
             v.                    *    CV 616-165
                                   *
JOHN GUNDE SOCK a/k/a JOHN         *
TUNDE SOCK; ETTA WILICIA           *
BOSS-COLE; ANNA CLAXTON;           *
AMOS FINANCIAL, LLC; and           *
THE UNITED STATES,                 *
                                   *
        Defendants.                *
```

# ORDER

On December 6, 2016, Plaintiff initiated this action seeking, *inter alia*, to foreclose on an interest allegedly held in real property located in Vidalia, Georgia. (Doc. 1.) On June 14, 2017, Plaintiff filed an amended complaint. (Doc. 13.) On July 10, 2017, default was entered against Defendants John Gunde Sock a/k/a John Tunde Sock, Etta Wilicia Boss-Cole, Anna Claxton, and Amos Financial, LLC. (Doc. 15.) On October 9, 2017, Plaintiff filed a Motion for Consent Judgment as to Defendant United States and Default Judgment against Defendants Sock, Cole, Claxton, and Amos (the "Motion for Default Judgment"). (Doc. 17.) Because the Court "harbor[ed]

reservations regarding Plaintiff's standing, Defendants' liability, and Plaintiff's damages," *inter alia*, the Court reserved final ruling on Plaintiff's Motion for Default Judgment until an evidentiary hearing was held thereon.[1] (See Doc. 18, at 2-3.)

The evidentiary hearing on the Motion for Default Judgment was held on November 27, 2017, at which Plaintiff and Defendants United States and Claxton appeared. (See Doc. 19.) During that hearing, Plaintiff conceded that the Court's reservations were well-founded but asserted that Plaintiff could assuage these concerns if given additional time to submit additional evidence in support of its claims. (Id.) The Court interpreted Plaintiff's statements as a request to continue and adjourned the hearing. (Id.)

---

[1] (See Doc. 18, at 2-3 ("More specifically, the Court is at present unconvinced that Plaintiff is the holder of the promissory notes and security instruments upon which its present claims are based. Further, Plaintiff has failed to put forth any evidence of the damages it is owed in relation to this action. Moreover, it is unclear from Plaintiff's motion what is to constitute the consent judgment to be entered in favor of and/or against Defendant United States, who has asserted a federal tax lien against Defendant Sock. As a result, the Court cannot rule on Plaintiff's motion until an evidentiary hearing regarding these and other related issues is held. Additionally, Plaintiff seeks in its motion the appointment of a special master to conduct a judicial foreclosure sale of the real property that allegedly secures - at least in part - any recovery obtained by Plaintiff in this matter; to do so, however, will require, *inter alia*, notice and a hearing and a certification from the proposed special master regarding any potential grounds for disqualification. . . . At [the evidentiary] hearing, Plaintiff should be prepared to submit evidence as to: (1) the financial transactions and other factual underpinnings of Plaintiff's claims, including without limitation proof of its status as holder of the promissory notes and security instruments that entitle it to relief; (2) Plaintiff's damages; (3) the terms of the consent judgment to be entered in favor of and/or against Defendant United States; and (4) all matters necessary for the appointment of a special master in this matter, as more fully set forth in Federal Rule of Civil Procedure 53." (citations omitted)).)

Since the adjournment of the evidentiary hearing, no substantive filings or other actions have been made in this Court. Indeed, to date, Plaintiff has failed to: (a) file any additional evidence in support of its claims or Motion for Default Judgment; (b) seek an extension of time to do so; or (c) otherwise communicate to the Court its intent to pursue this matter further. Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment is **DENIED WITHOUT PREJUDICE**. Further, Plaintiff is reminded that its failure to prosecute this action in a timely fashion may result in the dismissal of this action, without prejudice, without further notice.

**ORDER ENTERED** at Augusta, Georgia, this 13th day of April, 2018.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA